MAGGIE L. VANSCHOICK v. HARRIET F. VANSCHOICK AND ELMER E. VANSCHOICK, EXECUTOR.

Submitted March 20, 1908—Decided June 8, 1908.

1. The breach of a valid contract is *per se* a legal injury, from which some damage will be inferred.
2. An assignment by a creditor of a part of the sum due from his debtor is not binding upon the debtor *at law* unless he accepts, or in some other way manifests his assent to, the transfer of the obligation.
3. A demurrer to the whole declaration cannot be sustained if any count thereof is good.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and MINTURN.

For the demurrant, *McDermott & Enright.*

*Contra, Mackay & Mackay.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The declaration in this case contains three counts. The defendant Harriet F. Van-Schoick demurs to the whole pleading; the defendant Elmer E. VanSchoick, executor, demurs to the third count.

The action is upon a contract (a copy of which is annexed to and made a part of the declaration), which is as follows: "This agreement, made this first day of October, A. D. 1906, by and between Maggie L. VanSchoick, of the village of Hackensack, county of Bergen and State of New Jersey, party of the first part, and Harriet F. VanSchoick, of the same place, party of the second part, witnesseth that the party of the first part, in consideration of the payments herein-after provided to be made, hereby promises and agrees to provide and supply the party of the second part with neces-sary and suitable board and comfortable and clean lodging (not, however, including medical services), at the home of the party of the first part, for the period of my lifetime, for the sum of ten dollars per week, to be paid at the end of each and every week as hereinafter provided; meals to be served regularly either at said home or in the restaurant of the party of the first part in said village of Hackensack, at the election of the party of the second part. The party of the second part hereby promises and agrees to board and lodge with the party of the first part for the period hereinafter mentioned and to pay for such board and lodging the sum of ten dollars per week, at the end of each and every week. And the party of the second part hereby authorizes, empowers and directs Elmer E. VanSchoick, exec-

utor of John H. VanSchoick, deceased, to pay to the party of the first part, or upon her written order, the sum of ten dollars per week for the board and lodging of said party of the second part, and to make said payments weekly, and to charge the same to the interest and share of the party of the second part in the estate of said John H. VanSchoick, deceased. This agreement is intended and to be construed as an assignment to the party of the first part of so much of the interest of the party of the second part in said estate as is necessary for the support and maintenance of the party of the second part as herein provided, and the receipts given by the party of the first part to said executors for such payments are hereby declared and intended to have the same force and effect as if signed by the party of the second part. The party of the second part hereby agrees that the date from which payments are to be calculated is March 14th, 1906, and that the first payment under this agreement shall be made on October 10th, 1906, of the sum of three hundred dollars and that payments after October 10th, 1906, shall be made on Wednesday of each and every week during the continuance of this agreement." The breach set out in the first and second counts is that the defendant Harriet left the house and residence of the plaintiff on the 14th of March, 1907, without any just cause or excuse, and has failed and neglected since that time to pay the plaintiff the moneys which have accrued under the contract. The ground of demurrer to these counts is that "no facts are alleged therein showing any liability on the part of Harriet F. VanSchoick, or any damage suffered by the plaintiff by reason of the breaking of the contract by Harriet."

The demurrer to these counts seems to us to be frivolous. They show a valid contract and its breach by the defendant. At common law the breach of a contract is, *per se,* a legal injury from which some damage will be inferred. In the absence of proof of actual damage arising from such breach the plaintiff is entitled to nominal damages. *Sedgw. Dam.* *47. And this common law rule remains in full force in

this state. *Golden* v. *Knapp,* 12 *Vroom* 215; *Furniture Co.* v. *Board of Education,* 29 *Id.* 646.

The third count is rested upon that part of the agreement which directs the defendant Elmer E. VanSchoick, executor, to pay to the plaintiff the sum of $10 per week for the board and lodging of Harriet and charge the same to her interest and share in the estate of John VanSchoick, deceased. It recites this portion of the agreement and then avers that by virtue thereof "it became and was the duty of the said defendant Elmer E. VanSchoick, executor as aforesaid, to pay to the plaintiff the sums of money due under and by virtue of the said agreement," and charges him with liability for failure to make such payments. The demurrer to this count by the defendant Elmer E. VanSchoick, executor, must be sustained. In the first place, the count contains no averment that when the agreement was made, or at any time thereafter, he had in his hands as executor of John Van-Schoick any moneys or other property belonging to Harriet. For anything that appears to the contrary she may never have had any interest in the estate of John; and even if it be presumed that she was a legatee under his will, there is nothing in the count to support an inference that she had not received from the executor, before the making of the agreement, everything to which she was entitled under the will. In the second place, the assignment contained in the agreement does not purport to transfer to the plaintiff the whole of Maggie's interest in the estate of John, and the count contains no averment that the executor did anything which could be construed into an acceptance or recognition of its validity by him. An assignment by a creditor of a part of the sum due from his debtor is not binding upon the debtor at law unless he accepts, or in some other way manifests his assent to, the transfer of the obligation. *Superintendent of Public Schools* v. *Heath,* 2 *McCart.* 22; *Brokaw* v. *Brokaw,* 14 *Stew. Eq.* 215.

The defendant Elmer E. VanSchoick, executor, is entitled to judgment on his demurrer. As the demurrer of the defendant Harriet F. VanSchoick went to the whole declaration,

and as two of the counts are good, her demurrer must be over-ruled. *Perdicaris* v. *Trenton City Bridge Co., 5 Dutcher* 367; *Weber* v. *M. & D. R. R. Co.,* 6 *Vroom* 409; *Astor* v. *Heller,* 32 *Id.* 78.

The plaintiff is entitled to costs against the defendant Harriet F. VanSchoick, and must pay costs to the defendant Elmer E. VanSchoick, executor.