CAR AND GENERAL INSURANCE CORPORATION, PLAINTIFF-RESPONDENT, v. HARRY T. DAVIMOS, DEFENDANT-APPELLANT.

Argued May 2, 1934—Decided June 23, 1934.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-respondent, *William H. D. Cox.*

For the defendant-appellant, *Harry T. Davimos, pro se.*

The opinion of the court was delivered by

CASE, J. This is an appeal by Harry T. Davimos from a judgment rendered against him in the First District Court of the city of Newark. There were other defendants, alleged clients of Mr. Davimos, who were granted judgments of nonsuit at the trial.

Plaintiff, Car and General Insurance Corporation, was the insurer of Silver Stores, Incorporated, the defendant in a tort action brought by the administrator *ad prosequendum*

of Gable, an infant, under the Death act. Davimos was the attorney for the plaintiff in that action. A verdict for $6,000 was returned against Silver Stores, Incorporated, which, on rule to show cause, was reduced to $3,000. An appeal from the judgment was taken by Silver Stores, Incorporated, to the Court of Errors and Appeals.

The contract now sued upon was found by the trial court to be that "Mr. Davimos, acting independently and not on behalf of the Gables, agreed with Mr. Cox (viz., attorney for Car and General Insurance Corporation) to settle the entire case for the sum of $2,750, Mr. Davimos stating that he was in need of money and would put through the settlement by sacrificing part of his fee to be paid to him by the Gables." The hitch came when Cox, ready to pay the $2,750, demanded a release from the judgment, executed by the general administrator of the decedent. Davimos declined to provide such a release unless Cox would pay the cost of the administrator's bond, a condition that was refused.

At the argument before us respondent moved to strike, as an error in the transcript, the words "ad prosequendum" from the phrase "administrator ad prosequendum" as shown in the testimony of Mr. Cox. That motion followed upon a rule issued by a Supreme Court justice and a certification by the trial judge that the disputed words were not used by the witness. The motion will be granted.

It is first said on behalf of the appellant that the District Court erred in refusing to nonsuit and in refusing to direct a verdict in his favor. The reasons presented on the making of these motions were that no damages had been proved; that no contractual rights or privity of the plaintiff had been shown and that it did not appear that Davimos was a principal. However, the proofs sustain the finding that the contract was made as quoted, *supra,* and that there was a breach of that contract by the appellant. The breach of a contract is *per se* a legal injury from which some damage will be inferred, and in the absence of proof of actual damage arising from such breach the plaintiff is entitled to nominal damages. *VanSchoick* v. *VanSchoick,* 76 *N. J. L.* 242; 69

*Atl. Rep.* 1080. The question of *quantum* of damages is not properly before us. The liability of the respondent as insurer of the judgment debtor in the tort action constituted, we think, sufficient privity to sustain the contract entered into on its behalf. The testimony by Davimos that he was acting only for himself was, with the remaining testimony in the case, sufficient to support the trial court's finding that he was acting as a principal. Therefore, there being evidence that there was a contract between the parties and that there was a breach thereof, and the plaintiff being thereon entitled to damages, the motions were properly denied.

Appellant's point three is that the District Court found as a matter of fact that a settlement was entered into between Davimos and Cox whereby the former was to sacrifice part of his fee which he was to receive from the Gables. We discover no error herein.

It is next said that the court below erred in the admission in evidence of the payment draft which the respondent had prepared and executed for delivery to the appellant. This, if error, was harmless.

Point five is that the court below erred in its conclusion that an agreement existed between Mr. Davimos and Mr. Cox which implied that a release of the general administrator would be forthcoming. We pass over the omission to set out any ruling toward which the point is directed. The situation, briefly, was that the administrator *ad prosequendum* held a judgment that he was powerless to collect or to give acquittance for. By the terms of the statute (*Pamph. L.* 1917, *ch.* 180; 1 *Cum. Supp. Comp. Stat., p.* 928, § 55-10) payment of the claim or satisfaction of the judgment could be made "only to a general administrator, who has given bond as required by law." When Davimos obligated himself to the settlement, he obligated himself to provide a person to whom the settlement moneys could be lawfully paid, and this independently of the further conversation had between him and Cox on the occasion of making the contract which was quite consistent with the theory that he fully understood the obligation upon him to furnish the

usual formal documents in closing the transaction. The breach came, not upon the simple question of whether the general administrator should execute and deliver a release, but whether there should, indeed, be a general administrator, none having been then and, so far as appears, none having yet been appointed. It was no part of the judgment debtor's duty, either under the contract or otherwise, to pay the cost of the qualification or the appointment of the decedent's general administrator to whom the judgment debt might be paid. The present plaintiff occupied, in that respect, the position of the judgment debtor and was within its rights in refusing to be squeezed into paying more than it had agreed to pay. The point presents no error.

Under points six and seven it is said that the settlement contemplated immediate payment and that the respondent failed in that obligation. This, too, was a fact question; and the determination thereof has support in the testimony.

Points eight and nine are that the plaintiff proved no damages, and point ten is that there were no facts upon which the contract sued upon could be founded—all of which we have already decided adversely.

Finding no error, we conclude that the judgment below should be affirmed.