# COUNTY OF HANCOCK.

CHARLES FARNHAM, *in Equity, versus* CHARLES CLEMENTS.

Three persons verbally agreed, that if either should be the purchaser of a lot of land at an administrator's sale, they all should be equally interested in the purchase; that when the purchaser received the deed, he should convey one third to each of his associates. The purchaser having refused to convey, on tender of one third part of the purchase money by one of them, a bill in equity was brought to compel conveyance: — *it was held,* that equity would not afford relief, the agreement being within the statute of frauds; that the defendant did not hold the land as trustee; nor was there any resulting trust.

BILL IN EQUITY, — to which the defendant filed a general demurrer.

The bill alleges that plaintiff and defendant and one *Leach* associated themselves together for the purchase of land which was to be sold at public auction by an administrator : —

Farnham *v.* Clements.

*That* either was to bid for himself and associates as it might be convenient;

*That,* if struck off to either, the one to whom it was so struck off, was to take a deed to himself and afterwards convey to each of his associates his third of the property;

*That* the sale took place, and the land was struck off to defendant under said agreement, and he took from the administrator a deed of it;

*That,* subsequently to said sale, defendant admitted said agreement, and that he was to hold said land for himself and associates, and, when he received a deed from the administrator, was to convey to each of them his third;

*That,* soon after the sale, plaintiff tendered to defendant the amount of his third of the purchase money and interest thereon, and a deed of quitclaim of an undivided third of said land, and requested a conveyance of the same, which defendant refused;

*That* defendant now holds said third of said land in trust for plaintiff;.

*That* a fraud has been committed on plaintiff by defendant, for which relief is sought, viz. : — a conveyance of said third.

*C. J. Abbott,* for the plaintiff.

*A. Wiswell,* for the defendant.

The opinion of the Court was drawn up by

APPLETON, C. J. — By the statute of frauds, R. S. 1857, c. 111, §, 1 "no action shall be maintained * * upon any contract for the sale of lands, tenements or hereditaments, or of any interest in or concerning them * * unless the promise, contract or agreement, in which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith, or by some person thereunto lawfully authorized."

Under this statute, it has been held that a parol agreement to become co-partners in the business of purchasing

and selling lands and lumber is a parol contract respecting an interest in lands, and void by virtue of its provisions, so that it will not be enforced in equity. *Smith* v. *Burnham*, 3 Sumner, 435. So, in *Pinnock* v. *Clough*, 16 Verm., 500, where the defendant purchased a farm for the complainant in equity, but there was no written agreement between the parties and the purchase money was advanced by the defendant, the Court refused to enforce the agreement. If a man merely employs another person by parol, as an agent to buy an estate, who buys it for himself and denies the trust, and no part of the purchase money is paid by the principal, and there is no written agreement, he cannot compel the agent to convey the estate to him, as, it is said, that would be directly in the teeth of the statute of frauds. 3 Sugden on Vendors, 180, (6th Am. Ed.) ; *Hunt* v. *Roberts*, 40 Maine, 187.

Neither did the defendant, after the purchase, hold the land as trustee.

All trusts concerning lands must be " created or declared by some writing signed by the party or his attorney," except those "arising or resulting by implication of law." R. S., c. 73, § 11.

It seems to be conceded that there is no trust "created or declared by writing."

Neither is there any resulting trust. When the person, who sets up a resulting trust, has in fact paid no part of the purchase money, he will not be allowed to show by parol that the purchase was made for his benefit. *Bottsford* v. *Burr*, 2 Johns. Ch., 404. No resulting trust can arise from the payment or advance of money after the purchase has been completed.

From the abstract of the bill, as well as from the argument of counsel, we understand the agreement sought to be enforced was a parol one. "If the agreement," observes Chancellor WALWORTH, in *Cozine* v. *Graham*, 2 Paige's Ch., 177, " as stated in the bill, appears to be a parol agreement only, and no sufficient grounds are alleged to take the

case out of the statute, the defendant may, by demurrer, object to any relief founded thereon. But, if it is stated generally, that an agreement or contract was made, the Court will presume it a legal contract till the contrary appears; and the defendant must either plead the fact, that it was not in writing, or insist upon the defence in his answer."

The parties to the alleged agreement are not all made parties to the bill. This is apparent from the bill. No reason is shown for the omission. "Whenever the want of proper parties appears on the face of the bill, it constitutes a good cause of demurrer." Story on Eq. Pleading, § 541.

*Demurrer sustained. — Bill dismissed.*

CUTTING, KENT, WALTON, BARROWS and DANFORTH, JJ., concurred.