ARAD DUDLEY, *in Eq.*, *versus* LUCY A. BACHELDER & *als.*

By R. S., c. 73, § 11, there can be no trust concerning lands, except trusts arising or resulting by implication of law, unless created or declared by some writing signed by the party or his attorney.

If, in a bill in equity brought to enforce a trust concerning lands, it be stated generally that an agreement or contract was made, the Court will, on demurrer, presume it was a legal contract until the contrary appears.

To establish a resulting trust, it must be clearly proved that the consideration of the purchase belonged to the *cestui que trust*, or was advanced by some other person as a loan or gift to him.

Where several pay the purchase money for the purpose of securing an interest on the part of each, a trust will result in the proportion of the payment of each when paid for some specific part or distinct interest in the estate; but not otherwise.

BILL IN EQUITY.

The facts appear in the opinion.

*J. H. Hilliard*, for the complainant.

*A. W. Paine*, for the respondents.

The bill presents the different parcels as somewhat different in principle, but it is believed they are all substantially the same in fact and without the pale of equity.

1. *Tavern stand.* — This part of the case presents facts exactly similar to those in *Fisher* v. *Shaw*, 42 Maine, 32. The arrangement between the parties was one for the purchase and sale of real estate by parol and is therefore void.

2. *As to Lots No.* 8 & 42, the facts are substantially the same in both. The bill presents plaintiff as paying part of the consideration at various times while under bond, but when the deed was made to Pratt, all sums then due, and which really afforded the consideration of the deed then passing, were paid by Pratt's notes and mortgage. Here was the payment, the note being as cash. This brings the case within the same category as the tavern stand, and both are refuted by the case cited.

No authority, it is believed, is necessary to the position that an agreement to convey upon payment afterwards made, has no binding effect, even though the payments be made as agreed.

The plaintiff, however, would seek to recover on the ground of a trust implied from the fact of payment. But, to have the effect, the payment of the consideration must be made at the time or before the conveyance. *Buck* v. *Swazey*, 35 Maine, 41 ; 2 Johns. Ch., 405 ; 2 Wash., 175.

Then, too, it must be made and deed taken by trustee without the consent or agreement of the parties. Where the deed is taken by the grantee, named by express understanding and consent, then no trust of the kind exists. The parties having *agreed* must stand or fall by the agreement, and if they have made an invalid agreement they must abide the consequences. *Sumner* v. *Aldrich*, 5 Cush., 431; 6 Johns. Ch., 117 ; 8 Paige, 222.

Dudley *v.* Bachelder.

The deed in such case should *quoad hoc* be as between strangers in order to raise a trust. Hill on Trustees, §§ 91 and 92.

Some implied breach of duty or moral trust exists, as when a guardian invests the money of his ward, *Oliver* v. *Piatt*, 3 How., 333, or the administrator the money of his estate, or any other person the money of another in his hands. Hill on Trustees, § 92 ; 3 W. & M., 462, 463.

Where a part of the consideration is paid by another than the grantee then no trust is implied, unless some " aliquot part " is paid for, which was not the case here. *McGowan* v. *McGowan*, 14 Gray, 119, 121; *Kelley* v. *Jenness*, 50 Maine, 467, 468.

APPLETON, C. J., — The complainant in his bill sets forth that, being desirous of purchasing the tavern stand in Milford and not having means sufficient for that purpose, he applied in 1848 to Samuel Pratt, since deceased, (two of the defendants being his children and heirs at law and the other the administrator upon his estate,) to aid him in making said purchase ; that, at his request, said Pratt agreed to advance him the money requisite for the first payment toward said stand, and his notes for the balance, as a loan, and take a deed of the land, and the complainant agreed to repay said money thus to be advanced with twelve per cent. interest, and to pay and to take up the several notes given by said Pratt at their maturity ; that, in pursuance of said *agreement*, the purchase was made by this complainant, and said Pratt on his account, and, as a *loan* to him, advanced the money and notes for the land and took a deed of the premises in trust for him ; that this complainant immediately entered into the possession of the premises thus purchased, and has remained in the occupation of the same to the present time, making repairs and expensive improvements, paying the taxes thereon as the owner of the same ; that he paid said Pratt in his lifetime the money advanced by him, with twelve per cent. interest thereon, and took up the notes given by him ; that he has demanded a conveyance, &c.

The bill contains a somewhat similar agreement in regard to other land, with the further allegation of a part payment on his part of the purchase money, and concludes with a prayer for a conveyance, to all which the defendant demurs.

By R. S., 1857, c. 73, § 11, "there can be no trust concerning land, except trusts arising or resulting by implication of law, unless created or declared by some writing signed by the party or his attorney."

The demurrer admits all the facts set forth in the bill. In *Cozine* v. *Graham*, 2 Paige, 178, it did not distinctly appear by the bill whether the contract, of which performance was sought to be enforced, was reduced to writing and signed, as required by the statute of frauds, or not. In such case, when a demurrer is filed, " if it is stated generally," observes Mr. Chancellor WALWORTH, in the case last cited, " that an agreement or contract was made, the Court will presume it was a legal contract until the contrary appears ; and the defendant must either plead the fact, that it was not in writing, or insist upon that defence in his answer. He may then require the production of legal evidence to prove the existence of the contract." These views were affirmed by this Court in *Farnham* v. *Clements*, 51 Maine, 426.

Assuming, therefore, all the facts as alleged to be duly and clearly proved, for courts are stringent in the requirement of unquestionable evidence to establish implied or resulting trusts, the inquiry arises whether the facts set forth and undisputed would constitute a trust of this description. The case, as stated, is a loan by Pratt to the complainant of money and credit, for which in return the complainant either gave his note or entered into a valid agreement, by which he became legally obliged to repay the sums advanced and save harmless said Pratt from the notes given by him, the deed to said Pratt of the land having been given him at the request of and in trust for the complainant.

It is well settled, if A buy land with his own money and take a deed to B, that a trust results to A. But the payment which raises a resulting trust must be part of the transaction and relate to the time when the purchase was made. Any subsequent advance of the funds of another than the purchaser, toward paying the purchase money, will not raise a resulting trust. So, when an estate is conveyed to the grantee as a gift to the *cestui que trust*, the rights of the latter are the same as if paid for by his own money, and will equally receive the protection of a court of equity. *Jarrett* v. *Manini*, 2 Hawaiian, 667. So, a resulting trust may arise from a loan by the trustee to the *cestui que trust*. As in *Boyd* v. *McLean*, 1 Johns. Ch., 583, where the defendant loaned the complainants the money with which the purchase was made and took the conveyance as security for the loan. "The ground upon which the claim of the plaintiffs rests," observes Mr. Chancellor KENT, "is that the $1500 which were paid to Holden in 1807, as a consideration for the purchase of the premises, were the moneys of the plaintiffs, procured from the defendant as a loan; and that the defendant took the deed in his own name, by agreement, and thereby became trustee of the plaintiffs." In *Buck* v. *Pike*, 2 Fairf., 9, Brewer made the bargain with Munroe, the grantor, and gave his notes for the purchase money with Downes as surety, to whom the land was conveyed, and who held the same " as security for what he might have to pay, and for what he might advance. Had Downes lent the money to Brewer to pay Munroe," observes WESTON, C. J., in delivering the opinion of the Court, " and taken the deed in his own name for security, it would have been a payment of the purchase money by Brewer, to whom a trust would have resulted. So it was decided in *Boyd* v. *McLean*, upon such a state of facts. In this case, Downes did not in the first instance lend the money, but lent his name to Brewer as surety. Shall he be held trustee if he lends money, and shall he hold the land free of the trust, if he

only lends his credit? There is no ground in reason or jus-
tice for such a distinction." The Court there held Brewer
to be the purchaser with his own note, and that Downes,
who signed as surety and took the deed, was trustee, and en-
forced the trust against the grantee of Downes with notice
of its existence. In *Page* v. *Page*, 8 N. H., 187, when P
bought land and took a deed in the name of L, and L ad-
vanced the purchase money and *took the notes* of P for the
same, and agreed to convey the land to P on being repaid
the money advanced and interest; it was held that the
money thus advanced by L might be considered as a loan to
P, and the land as purchased with money of P, so as to raise
a resulting trust.

If A makes a purchase, and B pays a definite proportion of
the purchase money, intending to secure an interest in the
land, a trust will result in the proportion of his payment in
favor of B. But the payment must be made for some spe-
cific part or distinct interest in the estate, else no resulting
trust will be implied. *Baker* v. *Vining*, 30 Maine, 121;
*McGowan* v. *McGowan*, 14 Gray, 119.

The cases cited by the learned counsel for the defendant,
upon examination, will not be found adverse to these views.
In *Fisher* v. *Shaw*, 42 Maine, 32, "the money," observes
TENNEY, C. J., "was paid by Foss, in consideration of the
assignment to him; it was his money, in which Wyman
had no interest and was under no obligation to refund it;
and it cannot be treated as a loan to him. Consequently
there was no trust, which arose or resulted by implication
of law, as there might have been if the consideration paid
for the assignment had been furnished by Wyman." In
*Bottsford* v. *Burr*, 2 Johns. Ch., 405, Mr. Chancellor KENT
says, "the whole foundation of the trust is the payment of
the money, and that must be clearly proved. If, therefore,
the party who sets up a resulting trust *made no payment*,
he cannot be permitted to show by parol proof that the
purchase was made for his benefit, or on his account. This

would be to overturn the statute of frauds * * nor would a *subsequent* advance of money to the purchaser after the purchase is thus complete and ended, alter the case." The trust must arise upon the conveyance, not by virtue of any contract or agreement made afterwards. *Steere* v. *Steere* 5 Johns. Ch., 1. In *Pinnock* v. *Clough*, 16 Vt., 500, the defendant purchased a farm for the complainant, but there was no written agreement between them, nor did the complainant *pay at the time* any portion of the purchase money or become liable for its payment. The defendant took the deed running to himself, paid a portion of the consideration money and gave security for the remainder. It was held that no such trust was thereby created as could be enforced in chancery. It was not enough that the purchase money was paid to the defendant *after* the purchase, or to a third person in payment of the securities given by the defendant at the time of the purchase. In *Getman* v. *Getman*, 1 Barb. Ch., 499, the defendant agreed to advance the money and take a lien upon the land, giving the complainants time in which to repay, and upon such repayment to convey the land to them. " This Court," observes WILLARD, V. C., " therefore, cannot aid the complainants, unless they prove the agreement as alleged, by some adequate instrument in writing signed by the defendants or by their agents." Upon appeal the decree of the Vice Chancellor was fully sustained. The general doctrine that the consideration of the purchase must belong to the *cestui que trust*, or should be advanced by some other person as a loan or gift *to him*, was fully affirmed. But, inasmuch as the complainants had not given their notes for the purchase money, nor entered into any binding agreement to take the property and pay the amount advanced, it was held that there was no resulting trust.

If, then, the purchase money paid and the notes given for the lands conveyed to Pratt, were the money and notes of Pratt, loaned to this complainant, he having at the time given his notes therefor, or having by some valid contract

agreed to repay the money advanced and interest, and to take up the notes thus given at their maturity, and take a deed of the land, then there would arise a resulting trust in his favor.    Whether the evidence will establish such a trust is a matter to be determined upon the hearing of the cause.

*Demurrer overruled.*— *Defendants to answer over.*

CUTTING, KENT, DICKERSON, BARROWS and TAPLEY, JJ., concurred.