DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

OF THE

## STATE OF NEW JERSEY.

JUNE TERM, 1911.

---

JOSEPH ALLGAIR, PLAINTIFF IN ERROR, v. S. K. HICK-
MAN AND JONATHAN M. BLEW, DEFENDANTS IN
ERROR.

Argued July 3, 1911—Decided November 20, 1911.

Review by writ of error is limited to judgments that are in their
nature final; the correction of mistaken decisions in interlocu-
tory matters being postponed until the event of the litigation
appears.

---

On error to the Supreme Court.

For the plaintiff in error, *George S. Silzer* and *John A.
Coan.*

For the defendants in error, *John Boyd Avis.*

The opinion of the court was delivered by

PITNEY, CHANCELLOR.  It appears from the state of the
case that on September 23d, 1910, Hickman and Blew (now

defendants in error) presented a petition to the Court of Common Pleas of Middlesex county, under section 10 of the "Act to regulate the sale of spirituous, vinous, malt and brewed liquors," &c., commonly known as the "Werts Act" (*Pamph. L.* 1889, *p.* 77; *Gen. Stat., p.* 1810), as amended by section 3 of chapter 117 of the laws of 1906, commonly known as the "Bishops' Act" (*Pamph. L.* 1906, *p.* 199), praying that the license of Joseph Allgair (now plaintiff in error) to keep an inn and tavern might be revoked and annulled because of certain alleged violations of law specifically set forth in the petition. Upon the filing of this petition the Court of Common Pleas made an order requiring Allgair to show cause before that court on October 11th, 1910, why his license should not be revoked and annulled. On October 10th a writ of *certiorari* was allowed by one of the justices of the Supreme Court at the instance of Allgair as prosecutor, and was issued out of that court, returnable October 28th, for reviewing the order to show cause, together with the petition of Hickman and Blew, "and all matters touching the same." This writ of *certiorari* was presented to Judge Lyon of the Middlesex Common Pleas on October 11th while he was engaged in taking the testimony of the parties pursuant to the order to show cause.

Counsel for the prosecutor, upon presenting the writ, insisted that it had the effect of staying all further proceedings in the Common Pleas. To this insistment Judge Lyon acceded, so that after hearing some testimony introduced by the petitioners he proceeded no further with the matter.

The return to the writ of *certiorari* brought before the Supreme Court only the petition of September 23d, with the affidavits accompanying it and the order to show cause.

The Supreme Court gave leave to the parties to take depositions to be used upon the argument of the *certiorari,* and under this leave certain evidence was taken, and, among other things, the occurrences in the Court of Common Pleas on October 11th, the return day of the order to show cause, including the presentation of the writ of *certiorari* to Judge Lyon, were thus put in evidence. The Supreme Court also

made an order calling upon the Court of Common Pleas to certify certain facts respecting the procedure had before that court, and a certification was made accordingly.

The principal ground upon which the prosecutor asked the Supreme Court to reverse and set aside the order to show cause was that the Court of Common Pleas had no jurisdiction to determine the controversy, because the petition of Hickman and Blew was not verified in the manner required by the statute; among other reasons, because the petitioners, who had in affidavits annexed to the petition sworn that the matters and things therein set forth were true, had in fact no personal knowledge whatever upon the subject-matter of the petition; the insistence being that the affidavits did not constitute a sufficient verification of the petition within the intendment of section 10 of the Werts act as amended by the Bishops' act. Certain other questions were raised as the basis of the contention of the prosecutor that the Court of Common Pleas was without jurisdiction over the controversy.

The matter was brought on for argument by consent of parties before Mr. Justice Bergen, sitting alone for the Supreme Court, with the result that he overruled the objections of the prosecutor, and an order was made dismissing the writ of *certiorari* and remitting the record to the Court of Common Pleas, to be there proceeded with according to law and the practice of that court.

It is this order or judgment of the Supreme Court that is brought before us for review under the present writ of error, and the question arises, *in limine,* whether the proceedings have reached such a stage as to admit of review by this court.

It will be observed at once that neither the Court of Common Pleas nor the Supreme Court has rendered any judgment that is dispositive of the matters in litigation. The court of first instance made only an order to show cause as the necessary preliminary of a hearing before that court of the merits of the controversy. Such hearing was interrupted in its course by the issuance and service of a writ of *certiorari.* The Supreme Court dismissed that writ, but rendered thereon no judgment that was finally dispositive of the rights of the par-

ties; on the contrary, it remitted the record to the Court of Common Pleas, to be there proceeded with according to law. ·

Counsel for the plaintiff in error cites *Mowery* v. *Camden,* 20 *Vroom* 106, and other cases, to support the contention that when a special tribunal is proceeding summarily in a matter over which it has not legally acquired jurisdiction, it is within the discretion of the Supreme Court to allow a *certiorari* to review its action before the final determination of the matter. This may be conceded, at least with respect to cases where the writ of *certiorari* is issued pursuant to the general supervisory power of the Supreme Court over inferior tribunals, as distinguished from the use of the *certiorari* as a substitute for the writ of error. See *Hinchman* v. *Cook,* *Spenc.* 271, 272; *Mowery* v. *Camden,* 20 *Vroom* 106, 109; *State, Hoxsey, prosecutor,* v. *City of Paterson,* 10 *Id.* 489, 493.

But that does not dispose of the very different question now presented, which is whether the order or judgment of the Supreme Court made in the *certiorari* matter is reviewable by this court. Our review by writ of error is limited to judgments that are in their nature final, the correction of mistaken decisions in interlocutory matters being postponed until the event of the litigation appears. *Gen. Stat., p.* 1391, § 1; *Eames* v. *Stiles,* 2 *Vroom* 490, 494; *Tomlinson* v. *Armour & Co.,* 46 *Id.* 748; *Defiance Fruit Co.* v. *Fox,* 47 *Id.* 482, and cases cited.

Upon consideration, it is deemed clear that the judgment we are asked to review is not all dispositive of the controversy between the parties. Should we affirm the decision of the Supreme Court, it would still be necessary for the Court of Common Pleas to proceed with the hearing and render judgment thereon, and that judgment would then be the subject-matter of review by the Supreme Court either on *certiorari* or on writ of error (we do not need to decide which), and the judgment of the Supreme Court thereon would be subject to review by writ of error out of this court. On the other hand, should we reverse the decision of the Supreme Court, we are still left without the materials for the rendition of a final

judgment, for the matters of fact which are alleged as the basis of the legal contentions of the plaintiff in error remain unsettled.

It seems clear, therefore, that the present writ of error is premature and should be dismissed.