FREDERICK L. SMITH, complainant-appellant,

*v.*

EDWARD C. BALCH, defendant-respondent.

[Argued June 19th, 1918.   Decided November 18th, 1918.]

In order for paragraph 5 of the statute of frauds to apply, it must appear that the parties intended when they made a parole contract that it should not be performed within a year.   If this does not expressly or clearly appear and the contract is one which, taking in consideration its subject-matter, may be performed within that period, the statute does not apply, although in fact a longer time was actually taken in performance.

On appeal from the court of chancery.

*Mr. Frank Bergen,* for the appellant.

*Mr. Frederick W. Smith,* for the respondent.

The opinion of the court was delivered by

WHITE, J.

This is a fact case.   There was ample evidence to support the express findings of fact in favor of complainant by the special master, who had the advantage of seeing the witnesses and observing their manner of testifying, and the vice-chancellor has affirmed those findings.   An examination of the printed evidence has not convinced us of error in this respect.   From these findings, taken in conjunction with the allegations of the bill admitted by the answer, it appears that defendant, an operative builder, employed complainant as carpenters' foreman, and, in effect, general superintendent and manager of a building enterprise, and entered into a verbal agreement with him to pay him, in addition to his wages of $4.20 per day. a bonus of $50 for each house which should be built;   that when ten houses were com-

pleted defendant, at complainant's request, purchased for complainant a home for the latter and his family to live in, at the purchase price of $4,250, applying the $500 bonuses on the ten completed houses towards the purchase-money, but taking title in his, defendant's, own name, and giving a mortgage for $3,750 to the vendor for the remainder of the purchase price, the arrangement with complainant being that future bonuses as earned should go towards completing payment of said purchase price; that complainant forthwith took possession of the house and has occupied it ever since as his home; that defendant deducted from complainant's weekly wage envelope for awhile $5 per week, and afterwards $4 per week, to cover, as defendant said, the interest on said mortgage and the taxes; that upon fifteen more houses being completed defendant on his books credited complainant with $750, being the bonus of $50 per house so earned; that there have since been constructed sufficient houses to entitle complainant, on an accounting, at the bonus of $50 per house, to have his said home conveyed to him free of the mortgage and to be paid $1,150 beside. A decree to this effect was entered in the court of chancery, and complainant appeals therefrom because interest was not allowed on each $50 bonus from the time it was earned (as was allowed by the special master, but denied by the vice-chancellor), and also because he was not allowed $100 per house for a part of the houses which he claimed were constructed under an agreement for a $100 instead of a $50 bonus per house.

The finding of fact by the special master, affirmed by the vice-chancellor, against the latter contention, in which finding we concur, disposes of the $100 per house claim.

With the interest claim, amounting to $873.90, however, we agree, and the decree will therefore be modified by adding that amount to the cash sum therein decreed to be paid by defendant to complainant. Complainant was charged interest on the mortgage, the principal of which should have been reduced by the bonuses as earned. We think the failure to reduce the principal entitled complainant to interest. No demand was necessary. It was defendant's duty as trustee to apply the bonuses as earned.

The defendant also has appealed (in No. 34 of this term)

from the decree on the ground that it is contrary to the statute of frauds, which was pleaded, and, as to part of the decree, to the statute of limitations, which was also pleaded.

As to the statute of frauds, we think, that as to the verbal arrangement for the purchase of the home, what was done in pursuance of that arrangement gave rise to a constructive trust in favor of complainant, and that the case falls within the doctrine of *Rogers* v. *Genung, 76 N. J. Eq. 306,* and *Harrop* v. *Cole, 86 N. J. Eq. 250.*

This view disposes also of the objection of the statute of limitations, for defendant having become subject to a trust to hold the home for complainant's benefit, while the latter paid for it by earning bonuses upon the houses built, the defendant was by the same trust bound to apply those bonuses as they were earned to such payment. *Buckingham* v. *Ludlum, 37 N. J. Eq. 137; Lincoln* v. *Judd, 49 N. J. Eq. 387; Pom. Eq. Jur.* § *917.*

It is also urged that the case falls under the ban of the fifth paragraph of the statute of frauds, which prohibits any action upon any agreement not to be performed within one year unless the same or some memorandum or note thereof be in writing signed by the party to be charged therewith. We disagree with this contention. In order for this provision of the statute to apply it must appear that the parties intended when they made the contract that it should not be performed within the year. If this does not expressly or clearly appear, and the contract is one which, taking in consideration the subject-matter, may be performed within the year, the statute does not apply, although, in fact, a longer time was actually taken in performance. *Eiseman* v. *Schneider, 60 N. J. Law 291; Devalinger* v. *Maxwell, 54 Atl. Rep. 684; Page Cont.* §§ *668, 674, 675.*

With the modification herein directed the appeal in No. 31 is affirmed, but without costs in this court to either party.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, KALISCH, BLACK, WHITE, WILLIAMS, TAYLOR, GARDNER—11.

*For reversal*—None.