RUDOLPH DOUMA

*v.*

HARRIET POWERS.

[Submitted May 13th, 1920. Decided July 2d, 1920.]

1. Declarations in actions at law and bills in suits in equity are not demurrable because they fail to allege affirmatively that the contracts sued on, which are within the operation of the statute, are in writing.

2. When the declaration or bill shows on its face that the contract sued on was oral, the statute is available as a defence on demurrer.

3. Where a bill sets forth a contract within the statute, without showing whether or not the contract was in writing, the advantage of the statute as a defence can be taken by a plea.

4. If the defendant files an answer admitting or alleging that the contract set forth in the bill was an oral contract, he must expressly plead the statute in defence, or he will be deemed to have waived the statute.

5. If the defendant files an answer simply denying that the contract set forth in the bill was in fact made, he has the full benefit of the statute as a defence at the hearing. The denial of the contract casts upon the complainant the burden of legally proving his contract.

6. In a purchaser's suit for specific performance of a contract to convey real estate, it was not necessary to allege that the contract was in writing, as required by the statute of frauds.

Vendee's suit for specific performance of contract to convey real estate.

On motion to dismiss bill.

*Mr. Isadore Klenert,* for the motion.

*Mr. Clyde A. Bogert* and *Mr. A. Demorest Del Mar, contra.*

STEVENSON, V. C.

The only objection to the bill which calls for consideration is, that while it alleges that the parties contracted for the purchase and sale of the land in question, it does not allege that the contract was in writing as required by the statute of frauds.

The rule is well settled in New Jersey and generally in the other states that declarations in actions at law and bills in suits in equity are not demurrable because they fail to allege affirmatively that the contracts sued on, which are within the operation of the statute of frauds, are in writing. The rule of pleading is precisely the same in courts of law and courts of equity. *Browne on Fraud.* (*5th ed.*) § *505.* In *Whitehead* v. *Burgess* (*1887*), *61 N. J. Law 75, 76,* Mr. Justice Van Syckel, speaking for the supreme court, states the principle as follows:

"Where an action is founded upon a contract, which at common law is valid without writing, but which the statute required to be in writing, the declaration need not count upon or take notice of the writing.

"If an action is brought upon a promise to pay the debt of another, the declaration need not aver that the promise is in writing even if such be the fact.

"The reason is that the statute of frauds merely introduces a new rule of evidence but does not alter or affect the rule of pleading." (See cases cited.)

In *Hinchman* v. *Rutan, 31 N. J. Law 496,* Chief-Justice Beasley, in delivering the opinion of the court of errors and appeals, says (at *p. 498*):

"It has uniformly been held, since the time of Charles II., when the statute of frauds was first enacted, that in declaring on a contract within its operation it need not be alleged or substantially shown that the contract was in writing."

The rule is equally well settled that when the declaration or bill shows on its face that the contract sued on was oral—was not in writing—the statute of frauds is available as a defence on de-

murrer. *Wirtz* v. *Guthrie* (*Vice-Chancellor Emery, 1913*), *81 N. J. Eq. 271, 276.*

The following are some of the authorities which sustain the foregoing propositions: *Cozine* v. *Graham, 2 Paige 177; Wentworth Lumber Co.* v. *McLean* (*Ga. App.*), *97 S. E. 194; Boney* v. *Cheshires* (*Ga.*), *92 S. E. Rep. 636; Kinney* v. *Kinney, 93 S. E. Rep. 496; Campbell* v. *Burnett* (*Maryland Court of Appeals, 1913*), *87 Atl. Rep. 894; Dudley* v. *Bachelder, 53 Me. 403, 406; Farnham* v. *Clements, 51 Me. 426; 1 Dan. Ch. Pl.* (*6th ed.*) *365; Ziegner* v. *Daeche, 91 N. J. Law 634.*

Where the bill sets forth a contract within the operation of the statute of frauds, without showing whether or not the contract was in writing, the advantage of the statute as a defence can be taken by a plea. *Story Eq. Pl. 761; 1 Dan. Ch. Pr.* (*6th Am. ed.*) *655.*

If the defendant files an answer admitting or alleging that the contract set forth in the bill was an oral contract, he must expressly plead the statute of frauds in defence or he will be deemed to have waived the statute. *Van Duyne* v. *Vreeland, 12 N. J. Eq. 142; Cozine* v. *Graham, supra; Story Eq. Pl. 763.*

If the defendant files an answer simply denying that the contract set forth in the bill was in fact made, he has the full benefit of the statute of frauds as a defence at the hearing. The denial of the contract casts upon the complainant the burden of legally proving his contract. See *Lozier* v. *Hill, 68 N. J. Eq. 300* (at *p. 305*), for New Jersey authorities sustaining this proposition.

The only authority cited by counsel for the defendant sustaining the proposition that a bill for specific performance of a contract for the sale of land which fails to disclose any written contract is demurrable, is *Titus* v. *Taylor, 65 Atl. Rep. 1003.* This case is directly in point in favor of the defendant on this motion. The opinion, however, cites no authorities. It may be noted, also, that the opinion is brief, probably was somewhat hurriedly formulated and has not been published in the official reports. I have found that *Titus* v. *Taylor* was cited with approval, if not followed, in *East Ridgelawn Cemetery Co.* v. *Frank, 104 Atl. Rep. 594,* which case does not appear to have been elsewhere re-

ported. The chancellor authorizes me to state that the *Titus Case* and the *East Ridgelawn Cemetery Co. Case* do not, in his opinion, correctly state the rule of equity pleading under discussion in this present case, and that as to that matter both cases are to be deemed overruled.

The motion to dismiss the bill will be denied.