ROBERT K. CASSATT ET AL., PARTNERS, TRADING AS CASSATT & COMPANY, PLAINTIFFS, v. THE FIRST NATIONAL BANK OF WEST NEW YORK, NEW JERSEY, A COPORATION, DEFENDANT.

Decided July 29, 1931.

For the plaintiffs, *McCarter & English.*

For the defendant, *Walter S. Keown.*

ELDREDGE, J.   The plaintiffs in the above-entitled cause filed their complaint to recover from the defendant an amount alleged to be due for certain purchases of stock made by the plaintiffs for the defendant.   The complaint contains six counts.   The first count alleges that the defendant ordered the plaintiffs to buy for the defendant one hundred shares of the common stock of Baldwin Locomotive Works, when issued, at a certain price, plus commission, and agreed to take and pay for the stock when the same should be issued; that the plaintiffs thereafter bought the said securities at the agreed price for the account of the defendant and de-

livered them to the defendant, who refused to accept the stock or pay the agreed price or commissions.

The second count is like the first, but for a different block of stock.

The third count repeats the first, with the added allegation that the defendant was then and there acting as an agent for some other person as undisclosed principal.

The fourth count bears the same relation to the second as the third bears to the first.

The fifth and sixth counts read as follows:

(5) "They sue for the agreed price of stock sold and delivered by them to the defendant in accordance with the bill of particulars thereunto annexed, marked *Exhibit A,* and made part hereof."

(6) "They sue for the reimbursement of moneys laid out by them as agents for the defendant in the purchase of securities for the account of the defendant, in accordance with the bill of particulars hereunto annexed, marked *Exhibit A,* and made part hereof."

Counsel for the defendant now moves to strike out the complaint upon six different grounds, which, in substance, amount to two, and for present purposes will be so considered.

Respecting the first and second counts of the complaint, the defendant alleges that the transactions therein set out come within the purview of the statute of frauds, and respecting all six counts it alleges that the transactions set out are illegal because they are in violation of the provisions of the Federal Reserve act and *ultra vires,* and hence there can be no recovery on any one of the accounts of the complaint.

It is to be noted in regard to the defendant's first contention that the complaint does not, on its face, set out a transaction which would be unenforceable by reason of the statute of frauds. It is silent as to whether the alleged agreement was in writing or oral. A bill of particulars, however, was furnished upon demand and the bill of particulars states that the alleged agreement was an oral one. The defendant contends that this admission in the bill amplifies

the complaint. Hence, the complaint as amplified does state a transaction within the purview of the statute, and the first and second counts must therefore be stricken.

This contention cannot be sustained for two reasons. In the first place, the motion in this case is addressed to the whole complaint. Where a motion is addressed to a complaint as a whole it will be denied if any count in the complaint be good. *Malone* v. *The Brotherhood of Locomotive Firemen and Engineers et al.*, 94 *N. J. L.* 347; *Van Schoick* v. *Van Schoick*, 76 *Id.* 242.

In the second place, the plaintiff is not required to negative the application of the statute in his complaint and aver that the promise was in writing, because the law presumes the fact that the promise was in writing, and what the law intends may be omitted in the averments of pleading. *Wilkinson-Gaddis Co.* v. *Van Riper*, 63 *N. J. L.* 394; *Ziegener & Lane* v. *Daeche*, 91 *Id.* 634.

So far, then, as the statute of frauds is concerned, the complaint is good unless a bill of particulars, when furnished, becomes a part of the complaint for the purpose of disposing of this motion.

Defendant contends that it does, and relies upon the case of Frederick J. Rabe and Charles R. Hopkins, co-partners, under the firm name of Rabe & Hopkins *v.* Cornelius J. Danaher, recently decided by the United States District Court for the District of Connecticut and not yet reported. If this were a New Jersey decision undoubtedly the defendant's contention would be sound, but this case comes from the District of Connecticut and appears to be contrary to the decisions of our own courts, which would be controlling in the present matter.

On questions of pleading in actions at law the state practice controls, and hence our own decisions are controlling here.

That a bill of particulars is not a part of the record for the purpose of a motion to strike a complaint appears to have been decided in the case of *State* v. *Lehigh Valley Railroad Co.*, 94 *N. J. L.* 171, in which the court said:

"The theory of ordering particulars is to limit the proof to the matters specified in the bill of particulars and to enable the other party to meet his opponent's proof without danger of surprise. Consequently, such bills have relation to the trial and not to the record."

The bill of particulars having admitted a verbal contract, the defendant may and, of course, will set up the statute of frauds in its answer, but that statute will not avail in the present proceeding.

The defendant further contends, as has been already stated, that all the counts are bad, or, in other words, that the whole complaint is bad because the alleged transaction is illegal and *ultra vires*. The transaction, however, cannot be said to be illegal in the sense that a gambling contract is illegal. The purchase of stock or the agreement to purchase is not *per se* illegal. If this transaction between the plaintiffs and the defendant be illegal, it is such because of the lack of authority on the part of a national bank to enter into such an agreement as is alleged in the complaint. Hence, the defendant's two contentions that the agreement is both illegal and *ultra vires* become one of the same.

That a national bank may take advantage of the defense of *ultra vires* cannot be denied. "A contract of a corporation which is *ultra vires* in the proper sense, that is to say, outside the object of its creation as defined in the law of its organization and therefore beyond the powers conferred upon it by the legislature, is not voidable only, but wholly void and of no legal effect. The objection to the contract is not merely that a corporation ought not to have made it, but that it could not make it. The contract cannot be ratified by either party because it could not be authorized by either. No performance on either side can give the unlawful contract any validity or be the foundation of any right of action upon it." *Central Transportation Co.* v. *Pullman Car Co.,* 139 *U. S.* 24.

Further, that a national bank has no power to purchase or deal in the stock of other corporations for speculative pur-

poses or investment is so well established that a citation of authority is unnecessary. See 7 *C. J.* 808, § 733, and cases cited thereunder.

It is equally well established, however, that while a national bank is without authority to buy stock in another corporation for speculation or investment, it is not wholly without authority in every and all circumstances to buy such stock. "As incidental to its power to loan money on personal security, a bank may, in the usual course of doing such business accept stock of another corporation as collateral, and by the enforcement of its rights as pledgee it may become the owner of the collateral and be subject to liability as other stockholders." *Germania National Bank* v. *Case,* 99 *U. S.* 628.

So, also, a national bank may be conceded to possess the incidental power of accepting in good faith stock of another corporation as security for a previous indebtedness. *California National Bank* v. *Kennedy,* 167 *U. S.* 362.

Not every transaction, then, of a national bank in connection with the purchase and sale of stock is illegal or *ultra vires,* but each transaction must stand or fall in the light of the facts and circumstances surrounding it. There is nothing upon the face of the complaint in question from which the exact nature of the transaction could be determined, and hence the court is not justified in holding that the agreement sued upon is *ultra vires,* for "upon a motion to dismiss a complaint upon the ground that it does not state facts sufficient to constitute a cause of action 'every intendment and fair inference is in favor of the pleading. If in any aspect upon the facts stated the plaintiff is entitled to recover, the motion should be denied.'" *Dyer* v. *Broadway Central Bank,* 252 *N. Y.* 430.

Whether such a contract as is alleged in the present complaint is enforceable must depend upon the facts and circumstances under which the contract is made, and cannot be determined upon a motion to strike out the complaint.

The motion to strike will therefore be denied.