EDMOND H. REYNIER, PLAINTIFF-RESPONDENT, v. ASSOCIATED DYEING AND PRINTING COMPANY, A CORPORATION OF THE STATE OF DELAWARE, DEFENDANT-APPELLANT.

Submitted February 14, 1936—Decided May 14, 1936.

For the plaintiff-respondent, *Edward R. McGlynn* (*Joseph Weintraub*, on the brief).

For the defendant-appellant, *Emanuel Shavick*.

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is an appeal from a judgment for the plaintiff recovered in the Supreme Court Circuit of Passaic county. Seven reasons are argued in support of a reversal of that judgment. A resume of the facts is necessary for a comprehensive understanding of the case.

The demand of the plaintiff is for the sum of $8,222.30 which he claimed was due him as salary from his employer, the defendant. He alleges that he agreed to work for the defendant company, supervising the operation of its plants, for a salary of $18,000 a year, which was to have been paid at the rate of $1,000 per month, the balance of $500 monthly to be retained for his use and to be paid him semi-annually. The employment began on November 1st, 1930, and ended on July 1st, 1932. The action then is for the difference

between the sum the plaintiff says he engaged to work for and the amount he received.

The complaint credits the defendant with two items, one of $2,877.70 and the other of $500, which plaintiff treated as advances against this unpaid accumulation.

The first count is pleaded on express contract and the second is grounded on *quantum meruit* asserting that the reasonable value of his services was $18,000 per annum and, after payments made on account of salary and the advances mentioned above, there was a balance due and owing to the plaintiff in the amount of the demand.

The defendant, answering, filed a general denial and as a separate defense pleaded that the contract in question was an oral one; that it was not to be performed within a year, and therefore fell within the interdiction of the statute of frauds. 2 *Comp. Stat., p.* 2612, § 5, ¶ 5. It counter-claimed as well for the amounts of $2,877.70 and $500, charging that these sums advanced to the plaintiff were loans which he failed to return, and the defendant asks judgment for the amount of them. A reply to the answer and an answer to the counter-claim followed, admitting that the contract was oral, denying that it came within the purview of the statute of frauds, and joining issue on the counter-claim.

The record disclosed that prior to October, 1930, the plaintiff had been in the employ of the Associated Dyeing and Printing Company as manager of one of its several plants at a yearly salary of $12,000. That company suffered financial reverses, a receiver had been appointed, and it had been reorganized. The plaintiff entered into the service of the new company, the defendant in this case, and was placed in charge of all its plants as supervisor of operations. While his service in the new post started in October, 1930, the amount to be paid to him as salary was not, according to his testimony, settled until February, 1931. Many conversations between the plaintiff and the president of the defendant corporation, on this phase of the matter, took place in the interim. The net result, plaintiff claims, is that he asked for the salary of $18,000 per annum and the president agreed

to that amount, same to be effective from the date on which his employment began, the plaintiff to draw $1,000 each month and the balance to accumulate for him. The reason for this arrangement was that the plaintiff had outstanding debts which he says Mr. Armour, the president of the company, undertook to arbitrate and settle for him and it was on his advice that the plaintiff left the monthly accumulation of $500 with the employer for that purpose. One such debt was settled for the sum of $2,877.70 and the item of $500 was a draft on the fund for some personal needs. This accounts for the credits on the plaintiff's claim. Plaintiff resigned in June, 1932.

The appellant's first point is that the court erred in not controlling the case by a nonsuit or a direction of verdict for the defendant because the agreement was oral and could not be performed within a year. Adverting to the record, plaintiff testified that his employment was not for a fixed term but might be ended by either party at will. The defendant is in complete accord with this, saying that all employes were carried without term and on a month to month basis. Since both sides concur that the contract of hire might be terminated at any time, at the will of either, it resolved itself into the proposition that the plaintiff might remain as long as he suited the employer or until he himself became dissatisfied with his position. This being the state of the mutual undertaking of the parties, it is clear that the contract in question is not obnoxious to the statute of frauds. Oral agreements that *cannot* be performed within a year are those that are invalid under the statute. Even an oral promise, which may not be performed within a year and which in fact is *not* so performed, still does not come under the ban of the statute if full performance *may* be had within that time. *Burgesser* v. *Wendel,* 73 *N. J. L.* 286; *Smith* v. *Balch,* 89 *N. J. Eq.* 566; *Eiseman* v. *Schneider,* 60 *N. J. L.* 291, 293.

The rule is stated with admirable clarity by the late Judge White in *Smith* v. *Balch, supra,* as follows: "In order for this provision of the statute (section 5, paragraph 5) to apply it must appear that the parties intended when they made the

contract that it should not be performed within the year. If this does not expressly or clearly appear and the contract is one which, taking in consideration the subject-matter, may be performed within the year, the statute does not apply, although, in fact, a longer time was actually taken in performance." It follows, therefore, that the trial court's refusal to nonsuit or direct a verdict for the defendant on this ground fails.

Under this point it is also argued that one of the plaintiff's answers to the demand for particulars committed his contract to the status of one that could not be performed within a year. We find no basis in fact to support this position. We also observe that the motion for nonsuit was not advanced in the court below on this theory. The point is untenable on either theory.

It is further argued in support of defendant's motion for nonsuit and direction of verdict that Armour, the president of the defendant company, had no authority to bind the corporation by this contract of employment. Mr. Armour was the chief executive of the company. His custom was to hire the employes, particularly those who held important posts. The plaintiff so testified. Mr. Armour admits that this was correct. Admittedly, over the period in question, this exercise of authority on his part was neither questioned by the board of directors nor discussed at the meetings of the company. That he was exercising this power as a prerogative of his office cannot be gainsaid. It is obvious that the board of directors considered that his actions in this respect was in the line of his duties. A corporation which, with full knowledge on the part of the directors, and without objection, accepts the services of an employe is considered to have ratified such employment and is bound to pay for such services.

The record clearly discloses the relationship between these parties. The plaintiff was taken into the reorganized corporation and elected a vice-president; had power to sign checks of the company; was responsible for its plant operations; attended the directors' meetings as a member of the board, reported in due course as to the state of affairs in his particu-

lar sphere. These, with other incidents, preclude the defendant from attacking the legitimacy of his employment. The argument for reversal based on lack of authority to make the contract of employment therefore fails.

Before proceeding to the next ground of appeal, we observe that one of the grounds for direction of verdict for the defendant was that there was no valid consideration for the additional salary claimed by the plaintiff from October, 1930, when his employment began, up to February, 1931, when his compensation was fixed at $18,000 per annum. Obviously, this is not a ground for direction of verdict for the defendant on the whole case, as appellant argues, since it related only to a possible curtailment of damages. This phase of the case should have been brought to the court's attention by proper request to charge as to damages and this was not done. The point therefore fails.

These considerations narrow the issue in this case and leave only the question which the trial court, in an orderly and comprehensive charge, submitted to the jury. That question is—what was the fact with regard to the salary to be paid the plaintiff? The jury determined that issue favorably to the plaintiff.

It is next argued that the court erred in striking out that part of defendant's answer which set up the statute of frauds as a bar to plaintiff's action. From what has been said above, viz., that there was no fixed term of employment (and in this respect the testimony of each side is in accord) there was nothing in this element of the answer that required determination by the jury and it was not erroneous to have struck out that separate defense.

It is next argued that the court erred in excluding from the jury's consideration the testimony in the case with respect to the second count of the complaint which was grounded on *quantum meruit.* On the contrary, it was entirely proper to do so since plaintiff abandoned his claim on *quantum meruit* and, having abandoned it, it was out of the case.

The other grounds for reversal challenge the court's rejection of three separate requests to charge advanced by the

defendant, the second, fifth and sixth. None of them is meritorious. The first concerned the form and term of the contract. It is based on the statute of frauds. This has been discussed, perhaps at too great length, in determining the legal propriety of the action of the court in denying motion to control the verdict by nonsuit or direction; the second contained an unwarranted assumption of fact and the third had the vice of containing a supposition contrary to fact.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 13.

*For reversal*—None.