HAROLD E. BARNES, PLAINTIFF-APPELLANT, v. P. & D. MANUFACTURING COMPANY, INCORPORATED, A CORPORATION, DEFENDANT-RESPONDENT.

Argued June 2, 1936—Decided October 2, 1936.

For the appellant, *Joseph J. Corn.*

For the respondent, *Lionel P. Kristeller* (*James A. Castner,* on the brief).

The opinion of the court was delivered by

PERSKIE, J. We desire, *in limine,* to make the observation that we are not to be understood, in our determination of this cause, as in anywise departing from "the ancient rule of law that error (now appeal) will lie only after final judgment" (*Salaman* v. *Equitable Trust Co.,* 105 *N. J. L.* 649; 146 *Atl. Rep.* 423; *Lully* v. *National Surety Co.,* 106 *N. J. L.* 81, 85; 148 *Atl. Rep.* 762), and that "an appeal does not lie from an order granting a motion to strike out the cause of action contained in the complaint." *Lully* v. *National Surety Co., supra.* But a writ of error (now appeal) does lie in all cases where the decision of the lower court is final, and has not proceeded from a matter resting in discretion. *Cf. Eames* v. *Stiles,* 31 *N. J. L.* 490; *Allgair* v. *Hickman,* 82 *Id.* 369; 81 *Atl. Rep.* 752; *Hanford* v. *Duchastel,* 87 *N. J. L.* 205; 93 *Atl. Rep.* 586; *Jaudel* v. *Schoelzke,* 95 *N. J. L.* 171; 112 *Atl. Rep.* 328. The right of appeal from a judgment of nonsuit is well settled. *Rutherford* v. *Fen,* 21 *N. J. L.* 700; *Jaudel v. Schoelzke, supra.*

We think the learned judge fell into reversible error.

*First:* Nowhere is it brought to our attention, nor do we perceive anything, which can possibly be characterized as false about the facts set forth in the complaint. The opposite, in fact, appears to be true. Obviously, therefore, the complaint is not sham. *Cf. National Surety Co.* v. *Mulligan,* 105 *N. J. L.* 336 (at *p.* 338 and cases there cited) ; 146 *Atl. Rep.* 372. It is, moreover, well settled that the power to strike a pleading as sham, frivolous or false will not be exercised unless it clearly and palpably appears to be so. The cautious exercise of such power is imperative. *Louis Kamm, Inc.,* v. *Flink,* 113 *N. J. L.* 582; 175 *Atl. Rep.* 62. Thus it has been said repeatedly, that the duty of the court, on such a motion, is to determine whether an issue of fact is presented, and not to try the issue on affidavits. It is only where the matters set up in the affidavits submitted on the part of the defendants are not controverted, and demonstrate that the cause of action pleaded is a sham, and is without factual support, that the court is justified in granting the motion. See *Solomon* v. *Salins,* 108 *N. J. L.* 214; 157 *Atl. Rep.* 383; *Jaeger* v. *Naef,* 112 *N. J. L.* 417; 171 *Atl. Rep.* 166; *Torricelli* v. *Sebastini,* 112 *N. J. L.* 458; 171 *Atl. Rep.* 526; *Louis Kamm, Inc.,* v. *Flink, supra* (at *p.* 596 of 113 *N. J. L.* There was no such proof in the case at bar. Defendant did not even attempt to deny, much less to demonstrate, the falsity of the facts as pleaded by the plaintiff.

*Second:* Was the allegation in defendant's affidavit, based on plaintiff's answer to the bill of particulars, that plaintiff's alleged cause of action was predicated on an oral agreement in violation of section 5 of the statute of frauds, sufficient to justify the learned judge in concluding that the complaint did not set forth a legal cause of action? We think not.

(a) A bill of particulars furnished is no part of the record of the case and cannot be used on a motion to strike a pleading. "The theory of ordering particulars is to limit the proof to matters specified in the bill of particulars and to enable the other party to meet his opponent's proof without danger of surprise. Consequently, such bills have relation to the

trial and not to the record." *State* v. *Lehigh Valley Railroad Co.*, 94 *N. J. L.* 171, 174; 111 *Atl. Rep.* 257. The same theory applies to civil cases. *Cassatt* v. *First National Bank of West New York, New Jersey*, 9 *N. J. Mis. R.* 848; 156 *Atl. Rep.* 278; *Tierney* v. *Tierney*, 13 *N. J. Mis. R.* 654, 656, *et seq.;* 179 *Atl. Rep.* 314; *Wolfson* v. *Mills*, 112 *N. J. L.* 1; 169 *Atl. Rep.* 359.

(b) In order to be available as a defense, the statute of frauds, like the statute of limitations, the pleas of release, payment, performance, or of facts showing frauds, illegality, or contributory negligence, must be specifically pleaded. Supreme Court rule No. 58 (rule 40, Practice act of 1912). Thus the statute of frauds cannot be raised under the circumstances exhibited here, on a motion to strike but only by answer in the nature of a plea.

Our courts (both in law and in equity) have held that where the existence of the agreement is denied, such a denial entitles the defendant to the benefit of the statute without pleading it, but where the existence of the agreement is admitted, the statute of frauds must be pleaded to be available as a defense. *Van Duyne* v. *Vreeland*, 12 *N. J. Eq.* 142; *Busick* v. *Van Ness*, 44 *Id.* 82 (at *pp.* 84, 85); 12 *Atl. Rep.* 609. See, also, *Lozier* v. *Hill*, 68 *N. J. Eq.* 300 (at *pp.* 305, 306); 59 *Atl. Rep.* 34.

A clear and comprehensive resume of the law on the subject is found in *Douma* v. *Powers*, 92 *N. J. Eq.* 25; 111 *Atl. Rep.* 401, wherein Vice-Chancellor Stevenson held (at *pp.* 26, 27, 92 *N. J. Eq.*) that:

"The rule is well settled in New Jersey and generally in other states that declarations in actions at law and bills in suits in equity are not demurrable because they fail to allege affirmatively that the contract sued on, which are within the operation of the statute of frauds, are in writing. The rule of pleading is precisely the same in courts of law and courts of equity. *Browne on Frauds* (5th ed.), § 505. In *Whitehead* v. *Burgess* (1887), 61 *N. J. L.* 75, 76, Mr. Justice Van Syckel, speaking for the Supreme Court, states the principle as follows:

" 'Where an action is founded upon a contract, which at common law is valid without writing, but which the statute required to be in writing, the declaration need not count upon or take notice of the writing.

" 'If an action is brought upon a promise to pay the debt of another, the declaration need not aver that the promise is in writing even if such be the fact.

" 'The reason is that the statute of frauds merely introduces a new rule of evidence but does not alter or affect the rule of pleading.' (See cases cited.)

"In *Hinchman* v. *Rutan,* 31 *N. J. L.* 496, Chief Justice Beasley, in delivering the opinion of the Court of Errors and Appeals, says (at *p.* 498) :

" 'It has uniformly been held, since the time of Charles II, when the statute of frauds was first enacted, that in declaring on a contract within its operation it need not be alleged or substantially shown that the contract was in writing.'

"The rule is equally well settled that when the declaration or bill shows on its face that the contract sued on was oral—was not in writing—the statute of frauds is available as a defense on demurrer. *Wirtz* v. *Guthrie* (Vice-Chancellor Emery, 1913), 81 *N. J. Eq.* 271, 276.

"The following are some of the authorities which sustain the foregoing propositions: *Cozine* v. *Graham,* 2 *Paige* 177; *Wentworth Lumber Co.* v. *McLean (Ga. Appeals),* 97 *S. E. Rep.* 194; *Boney* v. *Chesires (Ga.),* 92 *Id.* 636; *Kinney* v. *Kinney,* 93 *Id.* 496; *Campbell* v. *Burnett (Maryland Court of Appeals,* 1913), 87 *Atl. Rep.* 894; *Dudley* v. *Bachelder,* 53 *Me.* 403, 406; *Farnham* v. *Clements,* 51 *Me.* 426; 1 *Dan. Ch. Pl. (6th ed.)* 365; *Ziegner* v. *Daeche,* 91 *N. J. L.* 634.

"Where the bill sets forth a contract within the operation of the statute of frauds, without showing whether or not the contract was in writing, the advantage of the statute as a defense can be taken by a plea. *Story Eq. Pl.* 761; 1 *Dan. Ch. Pr. (6th Am. Ed.)* 655.

"If the defendant files an answer admitting or alleging that the contract set forth in the bill was an oral contract, he must expressly plead the statute of frauds in defense or

he will be deemed to have waived the statute. *Van Duyne* v. *Vreeland,* 12 *N. J. Eq.* 142; *Cozine* v. *Graham, supra;* *Story Eq. Pl.* 763.

"If the defendant files an answer simply denying that the contract set forth in the bill was in fact made, he has the full benefit of the statute of frauds as a defense at the hearing. The denial of the contract casts upon the complainant the burden of legally proving his contract. See *Lozier* v. *Hill,* 68 *N. J. Eq.* 300 (at *p.* 305), for New Jersey authorities sustaining this proposition."

It therefore seems to us, and we so hold, that since the defendant in the case at bar did not deny the existence of the agreement it cannot have the benefit of the statute of frauds without having specifically pleaded it. This it did not do. Compare, *Wilkinson-Gaddis Co.* v. *Van Riper,* 63 *N. J. L.* 394, 395; 43 *Atl. Rep.* 675; *Kotok* v. *Rossi,* 94 *N. J. Eq.* 327; 120 *Atl. Rep.* 675.

We do not, of course, in reviewing a judgment consider issues not properly before us. Nor do we intimate any opinion on such issues. Having concluded that the defense of the statute of frauds was not properly before the court below, it necessarily follows that the first count was not faulty. And since the motion to strike was addressed to the whole complaint, and not to any particular count thereof, it should, on elementary principles, have been denied. *Perdicaris* v. *Trenton City Bridge Co.,* 29 *N. J. L.* 367; *Van Schoick* v. *Van Schoick,* 76 *Id.* 242; 69 *Atl. Rep.* 1080; *Malone* v. *Brotherhood of Locomotive Firemen and Enginemen,* 94 *N. J. L.* 347, 348; 110 *Atl. Rep.* 696.

The state of the record before us precludes our determination as to whether the statute of frauds is or is not applicable; whether the undertaking between the parties could have been completed within a year, although, in fact, a longer time was actually taken in performance (*Smith* v. *Balch,* 89 *N. J. Eq.* 566, 568; 105 *Atl. Rep.* 17); whether under the eighth paragraph of the agreement (which provides for the automatic termination thereof in the event of (1) defendant's bankruptcy; (2) defendant's assignment for the benefit of

its creditors; or (3) plaintiff's option to terminate upon defendant's breach thereof), it could have been terminated at any time (*Reynier* v. *Associated Dyeing and Printing Co.,* 116 *N. J. L.* 481; 184 *Atl. Rep.* 780); whether there has been a sufficient part performance, or an estoppel, by reason of defendant having paid plaintiff royalties for two years under the agreement; whether, if section 5 of the statute of frauds, is a bar, and if there was an absence of a valid express undertaking (*Voorhees* v. *Combs,* 33 *N. J. L.* 494), there could be a recovery on a *quantum meruit.* *Cf. History of Assumpsit—Implied Assumpsit by Prof. James Barr Ames, Selected Reading on the Law of Contracts.* Published under the auspices of the Association of American Law Schools (1931), *pp. 52 et seq.* The determination of these questions must await their timely presentment.

Judgment is reversed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, JJ. 12.