MAUREEN KELLY, PLAINTIFF-RESPONDENT, v. GUARAN-
TEE TRUST COMPANY, A BANKING CORPORATION,
ETC., AND GEORGE G. ORTLIP, EXECUTORS OF THE
ESTATE OF LOUIS KUEHNLE, DECEASED, DEFEND-
ANTS-APPELLANTS.

Submitted October term, 1936—Decided December 23, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and
PERSKIE.

For the appellants, *Cole & Cole.*

For the respondent, *Smathers & Scott.*

The opinion of the court was delivered by

PERSKIE, J. Plaintiff sued defendants as executors of the
estate of Louis Kuehnle, deceased. The complaint was in
three counts: (1) for alleged services rendered by plaintiff
to decedent as his nurse, dietician and housekeeper from
December 1st, 1930, to July 1st, 1933, at $110 a month;
(2) for cash had and received (proceeds of the sale of her

Packard automobile by defendants), and (3) for money loaned by plaintiff to decedent.

Defendants answered denying the allegations set out in the complaint and in addition thereto set up a counter-claim alleging therein that the plaintiff unlawfully took possession of certain jewelry and diamonds belonging to decedent and valued at $3,000. The only proofs offered by defendants (their position was, although there had been negotiations between the parties, as disclosed by stipulation, to effect an adjustment of plaintiff's claim, that they knew nothing of the arrangements between the parties and all they could do was to insist that plaintiff prove her case in accordance with the law) was witness Robert T. Chapman, who testified as to the value of the jewelry and diamonds for which recovery was sought under the counter-claim. At the conclusion of the proofs defendants for the first time, without objection, in fact, by consent, added an additional defense, namely, that since the alleged agreement between plaintiff and decedent was not in writing and was not to be performed within one year from the date of its making, it was void under our statute of frauds and perjuries. 2 *Comp. Stat.* 1709-1910, *p.* 2610.

Plaintiff abandoned the third count and defendants' counter-claim was disposed of by plaintiff returning the jewelry and diamonds therein described to the defendants and the latter consented to the return thereof and accepted the same in satisfaction of their demand under the counter-claim.

Defendants moved for a directed verdict. Four grounds were advanced in support of the motion. Epitomized they are, in substance, that plaintiff had failed to produce sufficient evidence to warrant or support a finding by the jury that deceased had made the contract as set forth in the complaint; that if the evidence was, however, sufficient to warrant or support such a finding by the jury, then the contract "not being one to be performed within a year, and not being in writing" was void under our statute of frauds and perjuries, *supra*.

The trial judge denied the motion and submitted the cause to the jury for its determination. The jury returned a verdict in favor of the plaintiff and against the defendants in

the sum of $3,164 on the first count and $1,065 on the second count. It is the judgment based on that verdict that is here challenged.

In support of that challenge four grounds are set down and argued.

*First:* "The trial court erred in not granting defendants' motion for a directed verdict." Here again we are told in effect, that neither the evidence nor the legitimate inferences to be drawn therefrom support the plaintiff's alleged contract with decedent. Our study of the proofs satisfied us that there is a plentitude of proof and legitimate inferences to be drawn therefrom in support of the claim made by plaintiff. Defendants offered no proofs on the issues submitted to the jury. Their cross-examination of plaintiff's witnesses did not seriously challenge their testimony. The issue was purely factual; a jury question was present. The trial judge properly denied the motion. *Cf. Kempf* v. *New York, O. and W. Railway Co.,* 112 *N. J. L.* 118; 169 *Atl. Rep.* 713; *Repasky* v. *Novich,* 113 *N. J. L.* 126; 172 *Atl. Rep.* 374.

*Second:* "It was error to permit plaintiff to testify from photostatic copies of checks supposed to bear Mr. Kuehnle's signature." It appears that plaintiff sustained a compensable injury while working for decedent. She made a claim for compensation. It was adjusted on the basis of seventy-five per cent. or seventy-eight per cent. of her monthly salary of $110, which salary it was said, and not denied, was certified by decedent otherwise she would not have received compensation. She received periodical payments, in form of checks, from the insurer (Casualty Insurance Company) for over a year; they aggregated over $1,000. The original checks were unavailable; they were in Pennsylvania. Photostatic copies thereof were produced. Plaintiff was permitted merely to say, after stating that she knew decedent's signature, that both decedent's signature and her signature appeared thereon. Effort to show a negotiation of the original checks to decedent was excluded. Under the circumstances thus exhibited, we fail to see how any substantial rights of appellants were injuriously affected.

*Third:* "It was error to refuse defendants' first request as follows: 'If the agreement relied upon by the plaintiff was not one to be wholly performed within a year, it was void under the statute of frauds, and plaintiff cannot recover.'" We think this is without merit.

It is, of course, true that plaintiff worked for the decedent for a year; she, in fact, worked for him for many years. But that is not the test in determining whether the challenged agreement is in violation of the statute of frauds and perjuries. *Cf. Smith* v. *Balch,* 89 *N. J. Eq.* 566, 568; 105 *Atl. Rep.* 17. Here we have a hiring by the month. Obviously, decedent could have terminated the contract at any time for cause and on a month's notice without cause. The statute, under the facts here exhibited, has no application. *Cf. Reynier* v. *Associated Dyeing and Printing Co.,* 116 *N. J. L.* 481; 184 *Atl. Rep.* 780, and *Barnes* v. *P. & D. Manufacturing Co.,* 117 *N. J. L.* 156, 162, 163; 187 *Atl. Rep.* 186.

*Fourth:* "The court permitted the jury to find a verdict in favor of the plaintiff on the theory of her alleged ownership of an automobile, the proceeds of a sale of which never came into the hands of Kuehnle." Appellants base this ground on the court's refusal to charge as follows: "There can be no verdict in favor of the plaintiff for the value of the automobile because the legal title thereto was in Kuehnle and it passed to his executors as a part of his estate." The argument on this point is rather unusual. It is said: "Assuming that the plaintiff satisfactorily established her claim as set up in the second count, it was a claim not against Kuehnle's estate, but the Guarantee Trust Company individually, and as an individual it is not a party to the action." First, no such defense was interposed in this cause. Second, the proofs clearly establish that the Guarantee Trust Company came into possession of the proceeds of the sale of plaintiff's car by virtue of its capacity as an executor of decedent's estate and not otherwise.

Judgment is affirmed, with costs.