JOHN KEMPF, PLAINTIFF-RESPONDENT, v. NEW YORK, ONTARIO AND WESTERN RAILWAY COMPANY, A COR-PORATION OF THE STATE OF NEW YORK, AND MERI-DALE DAIRIES, INCORPORATED, A CORPORATION OF THE STATE OF NEW YORK, AUTHORIZED TO DO BUSI-NESS IN THE STATE OF NEW JERSEY, DEFENDANTS-APPELLANTS.

Submitted October 27, 1933—Decided January 5, 1934.

For the respondent, *Stuhr & Vogt* (*William S. Stuhr,* of counsel).

For the appellants, *Mark Townsend, Jr.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. This is an appeal from a judgment entered in the New Jersey Supreme Court, Hudson County Circuit, on a verdict of a jury, in favor of the plaintiff and against the defendant Meridale Dairies, Incorporated. Judgment of nonsuit was entered in favor of the defendant New York, Ontario and Western Railway Company, which judgment is not appealed. The following are the facts: The plaintiff, an employe of the New York, Ontario and Western Railway Company, was, at the time of the injury complained of, engaged in loading empty milk cans of the defendant company on freight cars. He cut the third finger of his left hand on the neck of one of these cans with the result that the efficiency of his left hand was impaired and damages in the sum of $1,250 were awarded him.

The complaint charged that the defendant, Meridale Dairies, Incorporated, was negligent in that it permitted milk cans to enter into and remain in circulation for transportation purposes while in a dangerous or defective condition. The answer denied negligence and asserted that the plaintiff was guilty of contributory negligence and therefore should not recover.

The appellant presents four grounds of appeal only two of which are argued; hence the remaining two will be considered as having been abandoned. *Sargeant Brothers* v. *Brancati,* 107 *N. J. L.* 84.

The point made for reversal is that the court denied the defendant's motion for nonsuit and for a directed verdict. The rule with regard to motions for nonsuit and for a directed verdict is that the testimony presented in behalf of the plaintiff's claim shall be considered in the light most favorable to the plaintiff, together with all the legitimate inferences that such testimony will support, and, when such

evidence or inference of facts will support a verdict for the plaintiff, the motions are properly denied. *Hayward* v. *New Jersey Street Railway Co.,* 74 *N. J. L.* 678; *Andre* v. *Mertens,* 88 *Id.* 626; *Barry* v. *Borden Farm Prod.,* 100 *Id.* 106; *Fine and Jackson, &c.,* v. *Lehigh Valley,* 110 *Id.* 385, 387. Applying this rule to the instant case, we are of the opinion that the action of the trial court in rejecting these motions was proper.

The plaintiff's case presented these facts: That he was an experienced man in his work, having been engaged in it for many years; that at the time of the happening he was engaged in loading a freight car with milk cans; that at times he lifted cans by the cover, for his own protection rather than by the handles, for the reason that the handles frequently had wires attached to them; that he looked at the cans while in the course of handling them to discover defects and that he didn't see this particular defect because, as he says, it was on the neck of the can underneath the cover, and that the cover of the particular can which occasioned his injury had an overhang which concealed the defect from his inspection; that the defect consisted in a part of the neck of the can being "rusted through, broke through" and that it was a reconditioned or retinned can, which he could observe from his inspection. From this testimony, a jury might infer, as it unquestionably did, that part way down the neck of this can a piece of the metal had rusted. The jury, drawing on common experience, probably concluded, as was its right to do, that the rusted piece must have been on the neck of the can for a time sufficient for the appellant to have been aware of it by the use of reasonable care and inspection or that it was chargeable with such knowledge, if it didn't actualy know about it, since reasonable care and inspection would doubtless have discovered it.

The motion for nonsuit was predicated on the ground that there was no evidence of negligence on the part of the defendant and that the plaintiff was guilty of contributory negligence. From the plaintiff's testimony, it is manifest that the jury, believing his recital of the happening, might

legitimately have concluded that the appellant was guilty of negligence and that the plaintiff, under the facts, as stated by him, since he testified he was on the lookout for such defects but couldn't very well have seen this one, was free from contributory negligence. The motion for nonsuit was therefore properly denied.

Motion for a direction of verdict was predicated upon the same grounds as was the motion for nonsuit. The defense consisted in a recital by those employes of the dairy company, in charge of the milk can department, that they had no knowledge of any defect in the can; that the cans were inspected when returned to the dairies as a matter of routine; that they were washed and cleaned and any defects discovered were remedied and the cans reconditioned and retinned whenever necessary. All of this, however, does not dispel the testimony in favor of the plaintiff. It only presented a fact issue for the jury. It portrayed the care which the appellant said it gave to this particular department of its business as a general custom. A question of credibility arose, about which the minds of reasonable men might differ and at this posture of affairs, in our system of jurisprudence, these discrepant views were for the jury to determine. *Rand* v. *Armm,* 74 *N. J. L.* 704; *Wilkins* v. *Standard Oil Co.,* 78 *Id.* 524; *Hammersma* v. *Smith,* 110 *Id.* 523.

No other question being raised by this appeal the judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.

*For reversal*—None.