JACOB SOLOMON, RESPONDENT, v. GILBERT A. SALINS, APPELLANT.

Submitted October 15, 1931—Decided December 8, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the appellant, *Paul M. Salsburg.*

For the respondent, *Blumberg & Blumberg.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit was brought by Solomon, the plaintiff, to recover from the defendant an alleged unpaid balance of moneys loaned to the latter by him. The defendant filed an answer to the complaint denying that any part of the moneys loaned by the plaintiff to him remained unpaid, and asserting that, on the contrary, all the moneys loaned to him had been repaid in full, with interest. He also filed a counter-claim, alleging that the defendant was indebted to him for merchandise sold by him to the plaintiff from time to time and not paid for by the latter. Upon the filing of the answer and counter-claim, the

attorney of the plaintiff served notice upon the attorney of the defendant that he would move to strike out each of them and apply for a summary judgment upon the ground that the same were sham and frivolous and were filed solely for the purpose of delay. The matter came on to be heard in due course before the Court of Common Pleas upon *ex parte* affidavits, and at the close of the hearing the court directed the answer and counter-claim to be struck out and summary judgment entered in favor of the plaintiff for the full amount of his claim. The defendant has appealed from the judgment entered in accordance with this direction.

An examination of the affidavits submitted on behalf of the respective parties on the hearing of the motion to strike out satisfies us that the Court of Common Pleas committed error in striking out the answer and counter-claim and entering judgment in favor of the plaintiff; and for this reason: The attorney for the defendant, at the hearing of the motion to strike out, produced an affidavit of the latter, in which he specifically stated that he had repaid the loans made to him by the plaintiff from time to time in full; that the last payment made by him was on October 6th, 1930, the amount of the payment being $500, and that when it was made the plaintiff admitted that it satisfied in full the defendant's debt to him. He also stated in the affidavit that the merchandise referred to in his counter-claim had been sold to the plaintiff at different times between July, 1927, and October, 1931, and that no payments had been made on account of the purchase price by the plaintiff. The plaintiff also submitted an affidavit in which he stated that the amount sued for was the balance of a series of loans made by him to the defendant, and that this balance still remained unpaid. He also denied owing the defendant anything on the counter-claim. Manifestly, the facts stated in one or the other of these affidavits are false. It was not, however, the function of the court, on a motion to strike out the answer and counter-claim, to determine which one of these parties was telling the truth. That was a question of fact to be determined by a jury and, if it was found by that body at the trial of the cause that the facts

set up in the affidavit of the defendant were true, he would have been entitled to a verdict of no cause of action, so far as the plaintiff's claim was concerned, and a verdict against the plaintiff for the price of the fruits and vegetables sold by him to the plaintiff. If, on the other hand, the jury found the facts to be as set forth in the plaintiff's affidavit, he would have been entitled to a verdict in his favor for the unpaid balance of the moneys loaned by him to the defendant, and also a verdict against the defendant on the latter's counter-claim. It is only where the facts set up in the affidavits submitted on the part of the plaintiff on a motion to strike out an answer or counter-claim are not controverted and demonstrate that the defense is a sham, or that the counter-claim is without factual support, that the court is justified in granting the motion to strike out the answer or counter-claim as sham and frivolous.

For the reason indicated, the judgment under review will be reversed.