SOL KANTOR, PLAINTIFF, v. ROBERT D. GROSMAN ET AL., DEFENDANTS.

Decided December 20, 1944.

For the motion, *Elias A. Kantor* and *John J. Clancy.*

*Contra, Sol Kantor.*

OLIPHANT, S. C. C. This case is before me on a motion to strike out the complaint. Attached to it as Schedule E is a copy of an order of the Court of Chancery by which the plaintiff is restrained from suing any of the defendants named in the instant suit. It is in the following language:

"It is thereupon, on this 30th day of December, 1941, ORDERED, ADJUDGED AND DECREED as follows: "The said defendant, Sol Kantor, his attorneys, agents and servants, jointly and severally, be and they are hereby enjoined and restrained from suing, threatening to sue and writing to the persons to whom the defendant has heretofore written, some or all of whom may be petitioner's witnesses in this suit, and *particularly is said defendant, his attorneys, agents and servants, jointly and severally, restrained and enjoined from suing or again writing to Mrs. Martha Rich, Mr. Louis Rich and other persons named in two certain letters written by defendant on November 13th, 1941, and November 19th, 1941.*

"*The restraint hereby imposed shall continue until the further order of this court.*"

There is nothing before me to show and in fact the plaintiff admits that that order has never been vacated and therefore on the record before me it is an effective bar to this suit.

Notwithstanding that situation I will determine this motion on its merits.

The grounds set forth in the notice of motion are that the complaint is sham and that it states no cause of action.

The latter need not be considered as the notice does not contain a specification of the particular cause of objection, *Dunn* v. *Chernewski*, 101 *N. J. L.* 27; 127 *Atl. Rep.* 338.

The complaint is in three counts, all charging the defendants with conspiracy in that they induced and procured Caroline Rich, the former wife of plaintiff, to leave and divorce him and to procure false and perjurious testimony in furtherance of such action; to libel plaintiff by procuring and induc-

ing the said Caroline Rich to make false, malicious and libelous statements in her petition for divorce and in procuring the restraining order of the Court of Chancery heretofore mentioned.

All of these defendants are related by blood or marriage in varying degrees to the former Mrs. Kantor.

Affidavits have been submitted by all parties which I have examined with great care as has likewise been done with the voluminous briefs filed. Those of the defendants deny categorically and in detail the allegations of the complaint. The affidavit of the plaintiff is entirely devoid of facts in support of the allegations contained in the complaint, which in itself sets forth no facts. It is replete with hearsay, innuendo and conclusions; is argumentative and contains many characterizations. It is scandalous, scurrilous, insulting and impertinent. It borders on the contemptuous and the clerk of the Supreme Court will be ordered to impound it.

In the first place it should be noted that the marriage of the plaintiff and Caroline Rich was declared a nullity by the final decree of the Court of Chancery under date of May 18th, 1942.

The power to strike out a pleading as sham should be cautiously exercised and not done unless it clearly appears to be so. The function of the court on a motion such as this is to determine whether an issue of fact is presented, not to try the issue or determine the veracity of the parties. If the matters set up in the affidavits of the defendants are not controverted and demonstrate that the cause of action as pleaded is sham and without factual support the court should exercise its power and grant the motion. *Kamm, Inc.,* v. *Flink,* 113 *N. J. L.* 582 (at *p.* 596); 175 *Atl. Rep.* 62. That is the exact situation presented here. The complaint sets forth no facts and the mere statement in the affidavit of the plaintiff that the charges as asserted in the complaint are true with no facts therein set forth in support thereof so that the court can determine whether an actual factual question is presented, is not enough.

A sham complaint may be stricken out upon proper affidavits in support of a motion for that purpose, unless the

plaintiff by affidavit or other evidence shall show such facts as may be deemed sufficient to entitle him to proceed with his suit and if the affidavits do not give it factual support, the court is justified in granting the motion. See *Solomon* v. *Saline,* 108 *N. J. L.* 214; 157 *Atl. Rep.* 383.

While courts are reluctant to grant such motions, a complaint is no more sacred than the right of a defendant to be protected from the necessity of defending unfounded and unwarranted actions, from the harassment, expense and embarrassment thereof.

What the courts have said with regard to sham pleas applies with equal force to sham complaints. In *Coykendall* v. *Robinson,* 39 *N. J. L.* 98, it was held that the right which a defendant had at common law, to have the issue of fact tried by a jury, was subject and subordinate to the power of the court to strike a false plea, and further that an affidavit in support of the plea cannot defeat or take away the power of the court to strike out. "The affidavit was intended to be in aid of the power of the court to prevent sham pleading, not to interfere with, much less wholly to destroy and take away that beneficial power."

The plaintiff complains in his brief of previous orders made by the court relating to extensions of time and bills of particulars but there is no merit in these contentions.

The motion is granted.